IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-503-BO

| | |
|---|---|
| LAKESHIA WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 25 & 27]. A hearing on this matter was held in Elizabeth City, North Carolina on July 28, 2014 at 11:45 a.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On January 5, 2010, plaintiff protectively filed an application for disability benefits and supplemental security income with an alleged onset date of December 19, 2003. Her claims were denied initially and upon reconsideration. On October 20, 2011, an Administrative Law Judge ("ALJ") held a hearing. The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act on December 14, 2011. On September 8, 2011, the Appeals Council denied plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. ALJ Miller handled this case after an earlier remand following a decision by ALJ

Dodds in November, 2009. Plaintiff now seeks review of that decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff suffered a severe stroke, a left intraparenchymal hemorrhage, in December 2003. [Tr. 321, 323]. As a result of the stroke and subsequent brain surgery, plaintiff continued to have difficulty with speech, sensory loss, impaired balance, pain, generalized weakness, and a cognitive disorder. [Tr. 350–52].

## **DISCUSSION**

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is

equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff alleges the ALJ erred by not finding that plaintiff meets the conditions of Listing 12.05C. Specifically plaintiff notes that in 2009, ALJ Dodd considered Listing 12.05C, but rejected it *solely* because he found that "there is no evidence to support the existence of a physical or other mental impairment imposing an additional and significant work-related limitation of function." [Tr. 64]. ALJ Dodd found that the "found that the evidence demonstrates or supports onset of the impairment before age 22" and noted that the "claimant does have a valid verbal, performance, or full scale IQ of 60 through 70. [Tr. 64]. However, ALJ Miller, again considered listing 12.05C, but this time, excluded it because "the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." [Tr. 15]. ALJ Miller's statement therefore contradicts (1) the prior finding of ALJ Dodd that there is a valid test showing IQ of 60 through 70, and (2) his own step two finding in which he found severe depression.

Listing 12.05 has a preliminary requirement that the evidence demonstrates or supports onset of the impairment before age 22 before listing various severity level requirements (12.05A-

3

D). 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05. The severity requirements at § 12.05C are that claimant has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]" *Id.* Here, ALJ Dodd clearly found that plaintiff met the prerequisite consideration and had a valid IQ score of 60 through 70. [Tr. 64]. ALJ Miller clearly found that plaintiff had severe depression which imposed an additional and significant work-related limitation of function. [Tr. 22]. Combined the two decisions clearly establish that plaintiff meets the requirements of Listing 12.05C. Because ALJ Miller failed to discuss the preliminary threshold requirement of Listing 12.05 and the IQ test of August 15, 2008, [Tr. 107, 125], he provides no insight to the Court as to why he did not reach the same conclusions as ALJ Dodd. Further, the August 15, 2008 IQ test was the precise test ALJ Dodd found to be valid. [Tr. 66–67].

In light of this disagreement between the two ALJs within the Agency, it is clear that the substantial evidence does not support ALJ Miller's decision that plaintiff does not meet listing 12.05C. It is as equally clear to this Court that plaintiff does in fact meet the requirements of Listing 12.05C and is entitled to an award of benefits.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F .Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from

4

"meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

The Court in its discretion finds that reversal and remand for an award of benefits in appropriate in this instance. Here, unlike in *Radford*, the ALJ discussed the Listings in detail and did not simply dismiss them out-of-hand. The ALJ, although having erred in his failure to consider the clear earlier findings of a different ALJ, clearly explained his basis for finding that plaintiff did not meet Listing 12.05C. If the ALJ had considered all of the record evidence including the August 15, 2008 IQ test, it is clear that he would have found plaintiff met the listing. Further, there have already been two administrative hearings held in this case and no further development of the record is necessary. In light of the longitudinal record and the nature of plaintiff's impairments, the Court finds that no benefit would be gained from remanding this matter for further proceedings.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This /9 day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE